BATES et al. v. ESCOT et al.

S. F. No. 1845; January 30, 1900.

59 Pac. 943.

**Equity—Demand for Jury—Specific Issues.**—Where defendant's answer raises issues of fact on which he is entitled to a jury, but the principal features of his defense are equitable, a demand for a jury must relate to the specific issues on which he is entitled to the same.

APPEAL from Superior Court, Fresno County.

Proceedings by George E. Bates and E. O. Miller against Joseph Escot and another. From a judgment for plaintiffs and from an order denying a new trial defendant Escot appeals. Affirmed.

Lyman I. Mowry for appellant; M. K. Harris for respondents.

CHIPMAN, C.—Foreclosure. Defendant Alferitz disclaimed any interest in the land. Defendant Escot, maker of the mortgage, answered and set up want of consideration for the mortgage debt, and also pleaded fraud and undue influence by plaintiffs in securing the execution of the notes and mortgage. The court gave judgment of foreclosure against Escot, from which, and from the order denying his motion for a new trial, he alone appeals. Escot alleged in his answer, and the court found, that on March 9, 1892, he and plaintiff entered into a contract by which plaintiffs, as agents of defendant, undertook to procure title from the state to certain two thousand four hundred and one and ninety-five hundredths acres of land, situated in Merced county, for four dollars per acre; and defendant paid at the time $1,000 on account of said purchase, and later $1,000 more. It is not claimed by defendant that there was anything unconscionable or fraudulent in this contract. The evidence tends to show that the contract of the parties was changed by substituting for it a deed of the land from plaintiffs to defendant, the transfer to him of the certificates of purchase, which had been taken in plaintiffs' names, and a mortgage back to plaintiffs for the unpaid balance, defendant assuming in the deed the payment of an unpaid balance of one dollar per acre to the state; that this change was made to accommodate defendant and place in him the legal title, so that he could the better control the land and protect it from trespassers; that the amount to be paid was figured at three dollars per acre, instead of four dollars, from which was deducted the $2,000 already paid, leaving due $5,205.85, for which the notes and mortgage were given, less one per cent (the two notes being for $2,602.92 each, and defendant was to pay the other one dollar per acre to the state) ; that the change in the agreement did not increase the price to be paid by defendant, but only changed the form of his obligations, and relieved the plaintiffs from further attention to payments of principal or in-

terest to the state. In short, it was a natural and simple adjustment of the matter, and on its face bears no earmarks of overreaching or unconscionable advantage by plaintiffs; and the fact that the mortgage included lands other than those being secured from the state is in no wise inconsistent with perfectly fair dealing. Counsel devote much attention to the law governing principals and agents, and to the fiduciary relation of agents, which they claim arose under the original contract. We have carefully examined all the evidence, and are of the opinion that it amply supports the finding that defendant's allegations of fraud and undue influence were untrue. We do not, therefore, find it necessary to notice further this portion of defendant's brief.

Defendant demanded a jury to try the cause, which the court refused, and the ruling is assigned as error. The action was equitable in its character, and so were the principal features of the defense. Defendant was not entitled to a jury upon these issues. If there was an issue of fact presented by the answer which defendant was entitled to have tried by a jury, the demand should have been more specific. We see no error in refusing the demand made. Finding no error in the other assignments mentioned in defendant's brief, it is advised that the judgment and order be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.